**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

GREGORY V. BAKA,
                Appellant,

      v.

DEPARTMENT OF JUSTICE,
                Agency.

DOCKET NUMBER
SF-3330-15-0436-I-1

DATE: September 30, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gregory V. Baka</u>, Dublin, California, pro se.

<u>Melanie F. Jones</u>, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his removal under the Veterans Employment Opportunities Act of 1998 (VEOA) without prejudice as prematurely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). For the reasons discussed below, we DENY the petition for review and FORWARD the case to the regional office for docketing and adjudication as a refiled appeal.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        Effective January 30, 2015, the agency removed the appellant from his GS-15 Attorney Advisor position with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Initial Appeal File (IAF), Tab 11, Subtabs 4a-4b. He filed a complaint with the Department of Labor (DOL) on February 23, 2015, alleging that his removal violated the Uniformed Services Employment and Reemployment Rights Act of 1994 (codified at 38 U.S.C. §§ 4301-4333) (USERRA) and VEOA. IAF, Tab 1 at 302-04. On March 11, 2015, DOL advised him that it had concluded its investigation of his VEOA complaint and that he could file an appeal with the Board as to that claim. IAF, Tab 1 at 306. On February 25, 2015, the appellant amended his January 21, 2015 formal equal employment opportunity (EEO) complaint to include his removal. IAF, Tab 7 at 4, 11-12. Subsequently, on March 24, 2015, he filed an appeal with the Board regarding his removal.[2] IAF, Tab 1. He asserted that his removal violated

_____

[2] The administrative judge docketed three separate matters, all relating to the agency's removal action; the instant VEOA appeal, a chapter 43 removal appeal (*Baka v. Department of Justice*, MSPB Docket No. SF-0432-15-0435-I-1), and an appeal under USERRA (*Baka v. Department of Justice*, MSPB Docket No. SF-4324-15-0437-I-1). He dismissed the instant VEOA appeal and the chapter 43 removal appeal without prejudice as prematurely filed, and he dismissed the USERRA appeal as premature.

VEOA.[3]   The administrative judge dismissed the appeal without prejudice as prematurely filed because 120 days had not yet passed since the filing of the appellant's EEO complaint, and the agency had not yet issued its final decision on that complaint.  IAF, Tab 12, Initial Decision.

¶3      The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  He argues that the administrative judge erroneously conflated his EEO complaint with his VEOA appeal, and that his VEOA appeal was already ripe for adjudication because he had exhausted his administrative remedy with DOL before filing it with the Board.  *Id.*  He contends that his VEOA appeal is distinct and severable from his EEO complaint, noting that he could not have raised a veterans' preference claim in his EEO complaint.  *Id.*  The agency filed a response, to which the appellant replied.  PFR File, Tabs 3-4.

¶4      In dismissing the appellant's appeal without prejudice as prematurely filed, the administrative judge applied the timeliness requirements applicable to mixed cases, which are set forth at 5 C.F.R. § 1201.154.  *See, e.g., Dowell v. U.S. Postal Service*, 113 M.S.P.R. 250, ¶ 7 (2010) (finding that if an appellant files a Board appeal prematurely after filing a formal EEO complaint, the administrative judge must dismiss the appeal without prejudice to its later refiling).  An administrative judge has broad discretion to control the proceedings before him, and dismissal without prejudice is a procedural option that is committed to his sound discretion.  *Desmond v. Department of Veterans Affairs*, 90 M.S.P.R. 301, 302 (2001).  Regardless of whether the dismissal was proper, the issue is now moot because

The appellant also has filed a petition for review of the initial decision in his chapter 43 removal appeal, which we are adjudicating separately.  He did not file a petition for review of the initial decision in his USERRA appeal.

[3] He claimed that circumstantial evidence establishes that the agency manufactured performance deficiencies because it wanted to remove him in order to reduce costs by reducing the number of attorneys in the office where he worked.  IAF, Tab 1.  He asserted that the agency's actions thus constituted a "de facto" reduction in force (RIF) and that the agency should have accorded him veterans' preference, which it would have been required to apply had it utilized formal RIF procedures.  *Id.*

more than 120 days have passed since the appellant filed his formal EEO complaint. As such, we forward[4] this appeal to the Western Regional Office for docketing as a refiled appeal.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode/htm. Additional information is available at the court's website, www.cafc.uscourts.gov.

---

[4] The appellant checked the box on his initial appeal form indicating that he was also appealing an involuntary retirement. IAF, Tab 1 at 2. He stated that on February 16, 2015, he applied "for an involuntary retirement, effective January 31, 2015." *Id.* at 9. The administrative judge did not address this claim and it is unclear whether the appellant still wishes to pursue it, though it appears that he may. *See* PFR File, Tab 1 at 6. The administrative judge should resolve this issue during the adjudication of the refiled appeal.

Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.